OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
*514 In this small claims trial, plaintiff testified that he sent defendant repeated notices to stop the delivery of unsolicited plastic wrapped parcels containing various items including advertisements and fliers, on his property, and that despite these notifications, defendant continued to deliver the unwanted parcels at his home. Plaintiff therefore sought to recover damages based upon, inter alia, a breach of contract theory. Defendant’s witnesses conceded that they had been notified by plaintiff in writing of his request to stop deliveries of the parcels, and testified in substance that they had attempted to take the necessary measures to ensure that no deliveries were made to plaintiffs house. The court below determined that plaintiff failed to establish the existence of a contract and breach thereof, but found that defendant had trespassed on plaintiffs property on three separate occasions by depositing advertised circulars contrary to plaintiffs express prohibition. The court then held that although plaintiff failed to sustain his burden of proof as to actual damages, he was nonetheless entitled to nominal damages, and accordingly awarded plaintiff nominal damages of $1 for each act of trespass by defendant.
On appeal, the essence of defendant’s argument is that the award of nominal damages was improper because plaintiff acknowledged at trial that he was not claiming any damage to his property, and the court expressly found that plaintiff failed to prove actual damages.
We note initially, that plaintiffs cause of action for breach of contract was properly dismissed since plaintiff failed to meet his burden of proving the existence of a contract which defendant breached (see, Miller v Distribution Sys., NYLJ, Dec. 11, 1996, at 30, col 1). Moreover, contrary to defendant’s contention, the trial court properly awarded nominal damages on the cause of action for trespass.
The limited right to recover nominal damages in an action for trespass to real property is appropriate where needed to protect an important right, even in the absence of any substantial loss or injury (see, 17 Carmody-Wait 2d, NY Prac § 107:89; Kronos, Inc. v AVX Corp., 81 NY2d 90, 95). The United States Supreme Court “has traditionally respected the right of a householder to bar, by order or notice, solicitors, hawkers, and peddlers from his property” (Rowan v Post Off. Dept., 397 US 728, 737). In Rowan, the Supreme Court upheld the validity of a statute providing for the removal of a person’s name from a mailing list against a constitutional challenge *515 under the First Amendment. The Supreme Court observed, “[t]o hold less would tend to license a form of trespass and would make hardly more sense than to say that a radio or television viewer may not twist the dial to cut off an offensive and boring communication and thus bar its entering his home” (supra, at 737). More recently, in Tillman v Distribution Sys. (224 AD2d 79), involving essentially the same fact pattern as that presented herein, the Second Department affirmed an order of the Supreme Court which permanently enjoined defendant from making deliveries of unsolicited newspapers and/or advertisements upon plaintiffs property. In rejecting defendant’s First Amendment argument that the injunction infringed on their constitutional right of free speech, the Court stated in pertinent part: “There is, in our view, nothing in either the Federal or State Constitutions which requires a landowner to tolerate a trespass whenever the trespasser is a speaker, or the distributor of written speech, who is unsatisfied with the fora which may be available on public property, and who thus attempts to carry his message to private property against the will of the owner” (Tillman v Distribution Sys., supra, at 87). Plaintiff had a right to be free of the unwanted and unsolicited deliveries of defendant’s advertising materials, which persisted despite plaintiffs repeated notices to defendant to discontinue the dumping of the parcels on his property. Under these circumstances, the award of nominal damages was appropriate to protect plaintiff against this particular form of trespass, even in the absence of sufficient proof of actual damages.
DiPaola, P. J., and Ingrassia, J., concur; Collins, J., taking no part.