Howard Protter Informal Opinion Village Attorney No. 2008-4 Village of Cornwall-on-Hudson Jacobowitz Gubits, LLP 158 Orange Avenue P.O. Box 367 Walden, New York 12586-0367
Dear Mr. Protter:
You have requested an opinion regarding whether the Village is authorized to adopt a local law prohibiting the delivery of unsolicited print materials to residents of the Village who indicate that they do not want to receive such materials. You have explained that residents of the Village have complained about the delivery of unsolicited telephone books to private property and commercial offices. You have proposed adoption of a registry by which residents can list their properties, indicating that they do not wish to receive unsolicited print materials. People or businesses who wish to deliver unsolicited print materials would receive a list of residents who have registered before being permitted to deliver materials in the Village. Violators would be subject to a fine of up to $250.
We are of the opinion that the subject matter of the proposal falls within the Village's home rule authority. A village is authorized to adopt a local law relating to the protection and enhancement of its physical and visual environment and to the protection, order, safety, health, and well-being of persons or property within the village, if that law is not inconsistent with any general law or restriction validly enacted by the State Legislature, or with the Constitution of New York or of the United States. Municipal Home Rule Law § 10(1)(ii)(a)(11) and (12). We believe that a local law restricting the delivery of unwanted paper could come within the authority granted by these provisions, because it concerns an authorized subject matter and does not appear to be inconsistent with any state statutes.
Indeed, it appears as though the state Legislature views local legislation of this kind as serving these purposes. The Legislature recently enacted a somewhat similar law applicable to *Page 2 
New York City, namely General Business Law § 397-a, which prohibits the delivery of certain types of advertising papers in New York City when the owner of the property has posted a sign stating that such delivery shall be prohibited. The legislative history to section 397-a reflects an understanding that it was intended to serve the goals of protecting both the physical environment of the community and the safety of its residents. See Assembly Memorandum in Support of Legislation,reprinted in Bill Jacket for ch. 585 (2007); Assembly Debate, June 20, 2007, at 109, 114-15, 116-17. Further, no state law appears to prohibit the village from enacting such legislation.
Additionally, the local law must be consistent with the state and federal constitutions. Municipal Home Rule Law § 10(1)(ii). We are unable to provide a definitive answer to the question of the Village's authority to adopt the proposed local law in light of constitutional issues potentially raised by the local law that are outside the scope of the opinions function. Without commenting on these issues, we call your attention to the following three cases considering claims that laws restricting unsolicited deliveries of commercial publications violated the First Amendment to the United States Constitution: Distrib. Sys. ofAm., Inc. v. Village of Old Westbury, 862 F. Supp. 950 (E.D.N.Y. 1994);Tillman v. Distrib. Sys. of Am., Inc., 224 A.D.2d 79 (2d Dep't 1996); and Miller v. Distrib. Sys. of Am., Inc., 175 Misc. 2d 513 (2d Dep't App. Term 1997). We also note that in some circumstances Article I of the New York Constitution has been found to grant broader protection to freedom of expression than does the First Amendment to the United States Constitution. Arcara v. Cloud Books, Inc.,68 N.Y.2d 553, 557-58 (1986).
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
 KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions *Page 1